UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
NICOLE BASS,

                                                      Plaintiff,

        -against-

WORLD WRESTLING ENTERTAINMENT,
INC. and STEVEN LOMBARDI, individually
and in his official capacity,

                                                    Defendants.
---------------------------------------------------------------------X

**ORDER**

**99-CV-5688 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

In September 1999, Plaintiff Nicole Bass brought this action against World Wrestling Entertainment, Inc. ("WWE") and Steven Lombardi, alleging sexual harassment by Lombardi and others. (See Compl. (Docket Entry #1).) On October 8, 2002, after trial, the jury returned a verdict for Defendants. (Docket Entry #204.) Nearly seven years later, Plaintiff, now proceeding pro se, submitted a one-page handwritten submission to the court, which is also signed by Randy Savage, Bernard Hopkins, and Jonathan Lee Riches. (Pl. Motion (Docket Entry #211).)

The submission states that Plaintiff, Savage, Hopkins, and Riches seek to intervene in this case with newly discovered evidence. Specifically, they seek intervention "to present documents, exhibits, [and] photographs [] to support Nicole Bass." (Id.) Additionally, Riches and Hopkins claim that, like Plaintiff, they were sexually harassed by the WWE. Finally, the proposed intervenors claim to have newly discovered financial statements which call into question the court's impartiality in this matter. They argue that recusal is appropriate because of

1

the court's alleged "financial dealings with the [WWE], along with attending their wrestling matches and purchasing [WWE] sportswear."

Because Plaintiff and the proposed intervenors appear pro se in this matter, their motion must be read liberally and interpreted "to raise the strongest arguments [it] suggest[s]." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Therefore, the court construes the submission as two motions. First, Randy Savage, Bernard Hopkins, and Jonathan Lee Riches move for intervention under Federal Rule 24 of the Federal Rules of Civil Procedure. Second, Plaintiff moves for relief from judgment under Rule 60 on the basis of newly discovered evidence and the court's failure to recuse itself. As set forth below, the court denies both motions.

I.  INTERVENTION

A motion for intervention, whether of right under Rule 24(a) or permissive under Rule 24(b), must be "timely." Fed. R. Civ. P. 24(a); Fed R. Civ. P. 24(b); see also Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176 (2d Cir. 2001). Courts evaluating timeliness consider the totality of the circumstances, focusing on a variety of factors: "(1) the length of time the applicant knew or should have known of his interest [in the litigation] before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness." Farmland Dairies v. Comm'r of N.Y. Dep't of Agric. & Mkts., 847 F.2d 1038, 1044 (2d Cir. 1988). As an additional consideration, post-judgment intervention is "generally disfavored because it usually creates delay and prejudice to existing parties, and undermines the orderly administration of justice." United States v. Yonkers Bd. of Educ., 801 F.2d 593, 596 (2d Cir. 1986) (internal citations omitted).

This action was filed in 1999 and went to trial in 2002, yet none of the proposed intervenors offer any explanation for their seven-year delay in moving to intervene. To the

extent that the proposed intervenors have their own related sexual harassment claims against WWE, they would presumably have known about those claims long before now. Allowing them to intervene at this point would be prejudicial to the existing parties, whose dispute was long ago resolved by the 2002 jury verdict. Moreover, the proposed intervenors will not suffer prejudice if the motion is denied, as the denial will not affect their ability to pursue their own claims against WWE in a separate action.[1] Therefore, in the interest of promoting the orderly administration of justice, their motion for post-judgment intervention is denied as untimely.

## II. RELIEF FROM JUDGMENT

As noted above, the court construes the balance of Plaintiff's submission to be a motion for relief from judgment under Rule 60 on the basis of newly discovered evidence and the court's failure to recuse itself. First, Plaintiff argues that she has newly discovered evidence which supports her claims in this action. Under Rule 60, a party may move for relief from a final judgment on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Such a motion must be made no more than a year after the entry of judgment, however. Fed. R. Civ. P. 60(c)(1); see also "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 123 n.6 (2d Cir. 2008). Because Plaintiff makes this motion nearly seven years after the entry of judgment, she cannot obtain relief from judgment on the basis of newly discovered evidence.

Plaintiff also argues that relief from judgment is warranted because the court failed to recuse itself from hearing this case pursuant to 28 U.S.C § 455(a).[2] Section 455(a) provides that

---

[1] To the extent that the proposed intervenors seek to present newly discovered evidence in support of Plaintiff, denial of their motion does not prevent Plaintiff from seeking to do so herself under Rule 60, as the court deems her to have done here. Plantiff's Rule 60 motion is addressed in Section II.

[2] Although Section 455(a) "does not, on its own, authorize the reopening of closed litigation," a party may seek relief from judgment under Rule 60(b)(6) based on Section 455(a) in "extraordinary circumstances." Liljeberg v. Health Svcs. Acq. Corp., 486 U.S. 847, 863-64 (1988). Discussion of whether such circumstances exist in this case is unnecessary, since the court finds that Section 455(a) does not require recusal.

3

a federal judge "shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned."  As the Second Circuit has explained, the test turns on "what a reasonable person, knowing and understanding all the facts and circumstances, would believe." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1308 (2d Cir. 1988).

Plaintiff accuses the court of "financial dealings" with the WWE, such as attending wrestling matches and buying WWE sportswear, and asserts that these activities caused the court to be biased in hearing her case.  (Pl. Motion 1.)  Even assuming Plaintiff's unsupported allegations regarding the court's connections with the WWE were true, a reasonable person would not question the court's impartiality in this matter.  Moreover, Plaintiff points to no instances in which the court treated her unfairly or exhibited bias in presiding over her trial. Accordingly, her motion for recusal must be denied.  See id. at 1312 ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.").

## III. CONCLUSION

For the foregoing reasons, Savage, Hopkins, and Riches's motion for intervention is DENIED and Plaintiff's motion for relief from judgment is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      March 24, 2010

    /s/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge